UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GUZMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>D. JONES, et al.,<br><br>   Defendants. | No.  2:20-cv-1936 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

   I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 3.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Jones, Levy, Murray, and Spearman, plus one Doe defendant, violated plaintiff's rights under the Eighth Amendment. ECF No. 1. Plaintiff alleges that on August 5, 2018, he submitted a health care services request because he was experiencing "swelling (edema) on legs, discomfort and pain." Id. at 11. The next day he was seen by Jones, who said he must have twisted his ankle in his sleep. Id. She told plaintiff that she would call him back in a couple of days for a follow up, though she never did, and sent him back to his housing unit without letting him see a doctor. Id.

On September 5, 2018, plaintiff submitted another health care request in which he complained of painful swelling in his hand. Id. The following day he was seen by defendant Levy, who told him the swelling would go away on its own. Id. Plaintiff told her that he had been seen thirty days earlier about the swelling in his legs, which was getting progressively worse, and Levy said that she would look into it and reschedule him but failed to do so. Id. at 11-12.

On September 18, 2018, plaintiff submitted another health care request where he complained about shortness of breath, low energy, stomach pain, and not being able to keep any food or liquid down. Id. at 12. The following day, plaintiff was seen by defendant Jane Doe. Id. During the appointment, plaintiff told Doe that he had not had any follow ups for the swelling in

3

1  his legs, which was still getting worse.  Id.  Doe refused to let plaintiff see a doctor and said she
2  would make sure he got called back.  Id.

3  On September 25, 2018, plaintiff put in an emergency request for health care due to
4  extreme swelling in both legs that had traveled up to his testicles.  Id. at 12-13.  The same day he
5  was seen by defendant Levy and told her that he wanted to see a doctor and was tired of being
6  given the run around.  Id. at 13.  He was then seen by a doctor and was eventually sent to the
7  emergency room for additional testing.  Id.  After conducting several tests, the hospital
8  determined that plaintiff was in congestive heart failure and needed to be transferred to another
9  hospital with a higher level of care.  Id. at 14.  After plaintiff was transferred to the other hospital,
10 he was informed that he had a blood infection that had destroyed his aorta and damaged his mitral
11 valve because it had gone untreated for so long.  Id.  After several complications and setbacks,
12 plaintiff eventually underwent emergency open-heart surgery where his aorta was replaced on
13 October 18, 2018.  Id. at 15.  During a follow up to the surgery it was discovered that plaintiff'
14 mitral valve is "leaking anywhere from low-to moderate," but that no intervention was
15 recommended at this time due to all the complications he had suffered.  Id. at 16.

16     IV.     Deliberate Indifference

17 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
18 must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,
19 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff
20 to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition
21 could result in further significant injury or the unnecessary and wanton infliction of pain,'" and
22 (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal
23 quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).
24 Deliberate indifference is established only where the defendant *subjectively* "knows of and
25 disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057
26 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

27     A.   Claims for Which a Response Will Be Required

28 Plaintiff's allegations that defendant Levy and the Doe defendant failed to let him see a

1  doctor or schedule him for a follow-up appointment despite his clearly worsening edema are
2  sufficient to state claims for relief and will require a response.  However, due to the impossibility
3  of serving an unknown individual, the court will not order service on the Doe defendant until
4  plaintiff has identified her and filed either an amended complaint that names the defendant or a
5  motion to substitute a named defendant for the Doe defendant.  Plaintiff shall promptly seek such
6  information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or
7  other means available to plaintiff.[1]  If access to the required information is denied or
8  unreasonably delayed, plaintiff may seek judicial intervention.

    B.  Failure to State a Claim

10       Plaintiff's allegations against defendant Jones are insufficient to state a claim for relief
11  because they show that she believed that plaintiff had twisted his ankle and did not need to see a
12  doctor.  Even though Jones failed to schedule plaintiff for a follow-up appointment, the facts are
13  not sufficient to show that she would be aware that failing to do so would put plaintiff's health at
14  excessive risk.
15       Plaintiff also fails to state any claims against defendants Murray and Spearman, who he
16  alleges failed to properly train and supervise their subordinates.  ECF No. 1 at 8-9.  "There is no
17  respondeat superior liability under section 1983," Taylor v List, 880 F.2d 1040, 1045 (9th Cir.
18  1989) (citation omitted), and the facts of the complaint do not demonstrate pervasive failures that
19  would have notified these defendants of a need to further train or supervise their subordinates, see
20  Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (pattern of similar
21  violations ordinarily necessary to state a claim).

    V.  Leave to Amend

23       For the reasons set forth above, the court finds that the complaint does not state
24  cognizable claims against defendants Jones, Murray, or Spearman.  However, it appears that
25  plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend
26  the complaint if he desires.

---

[1] Plaintiff may be able to obtain the information he through the grievance system or other administrative process.

5

1     Plaintiff may proceed forthwith to serve defendant Levy on his deliberate indifference
2 claim or he may delay serving any defendant and amend the complaint.
3     Plaintiff will be required to complete and return the attached notice advising the court how
4 he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to
5 file an amended complaint.  If plaintiff elects to proceed on his claims against defendant Levy and
6 the Doe defendant without amending the complaint, the court will proceed to serve the complaint.
7 A decision to go forward without amending the complaint will be considered a voluntarily
8 dismissal without prejudice of all claims against defendants Jones, Murray, and Spearman.
9     If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
10 about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,
11 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named
12 defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
13 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
14 connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,
15 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
16 participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,
17 268 (9th Cir. 1982) (citations omitted).
18     Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
19 his amended complaint complete.  Local Rule 220 requires that an amended complaint be
20 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
21 amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
22 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th
23 Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled
24 in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,
25 the original complaint no longer serves any function in the case.  Therefore, in an amended
26 complaint, as in an original complaint, each claim and the involvement of each defendant must be
27 sufficiently alleged.
28 ////

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. You have alleged enough facts to state claims against defendant Levy and the Doe defendant. However, you have not alleged enough facts to show that defendant Jones was aware of an excessive risk to your health and ignored it or that there was a pattern of similar violations that would have put defendants Murray and Spearman on notice that their subordinates were not properly trained or supervised.

You have a choice to make. You may either (1) proceed immediately on your claims against defendant Levy and the Doe defendant and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all of your claims against defendants Murray and Spearman. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims or information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 3, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. Plaintiff's claims against defendants Jones, Murray, and Spearman do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his deliberate indifference claims against defendant Levy and the Doe defendant as set forth above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Jones, Murray, and Spearman.

DATED: August 3, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GUZMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. JONES, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-1936 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference claims against defendant Levy and the Doe defendant without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all of his claims against defendants Jones, Murray, and Spearman pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Christian Guzman
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1