UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GUZMAN, | No. 2:20-cv-1936 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| D. JONES, et al., | |
| Defendants. | |

By order filed May 25, 2023, after defendants notified the court that plaintiff had been hospitalized, the undersigned stayed briefing on defendants' motion for summary judgment and defense counsel was ordered to inquire into and notify the court regarding plaintiff's status. ECF No. 48. Counsel then notified the court that plaintiff had been hospitalized since the beginning of May 2023, and as of June 1, 2023, was expected to remain in the hospital for more than three days, and was incapacitated and without access to his legal materials. ECF No. 49. The court directed counsel to provide another status report in thirty days if plaintiff had not already updated the court himself. ECF No. 50. Plaintiff has now filed a motion for the appointment of counsel. ECF No. 51.

In his motion, plaintiff states that he has been hospitalized since the end of March 2023 and had open-heart surgery at the beginning of May 2023. Id. at 1. He was discharged from the hospital on June 5, 2023, and was prescribed a six- to eight-week course of antibiotics, but was

sent back to the hospital on June 15, 2023, after his surgical site became infected. Id. It appears that plaintiff has since been returned to the prison and he alleges that he will require further evaluation to determine his recovery and incapacity. Id. It is unclear whether plaintiff has access to legal materials, as he states both that he is without legal access and that "he has pending declarations to obtained [sic] and case law to researched [sic]." Id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

It appears under the circumstances presented here that an extension of time for plaintiff to respond to defendants' motion for summary judgment will be sufficient to allow plaintiff to continue representing himself. The fact that plaintiff is recovering from surgery, by itself, is not enough to establish exceptional circumstances warranting appointment of counsel and the motion will be denied. If plaintiff chooses to file another motion for appointment of counsel based upon his medical condition, he should explain how his condition prevents him from proceeding without assistance and should provide medical documentation supporting his claimed impairments and inability to proceed without counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 51) is DENIED without prejudice;

2. Briefing on defendants' motion for summary judgment shall resume; and

3. Plaintiff shall have forty-five days from the service of this order to file a response to defendants' motion for summary judgment.

DATED: July 7, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE